Milligan, J.,
concurring:
This court in the case of Jones & Brown v. The United States, (1 C. Cls. R., 383,) held that the proviso in the third section of the act of July 2,1864, did not include the United States as a party, or authorize a party in an action against them to testify in his own behalf, nor did it take away the prerogative of the government to examine a claimant in this corut, and to use or withhold his testimony at its option. Subsequently Congress, in the act of March 2,1867, gave a legislative construction to this proviso, in which they declared it should u be construed to embrace all suits to which the United State shall be a party in the Court of Claims, either plaintiff or defendant.”
This legislative interpretation of the proviso of the 3d section of the act of July 2,1864, did not, however, remain in force but .little over one year when Congress overruled it, and in plain, unambiguous terms declared, as before shown, that no plaintiff *44 or claimant, or person from or through whom any such plaintiff or claimant derives his alleged title, claim, or right against the United States, or any person interested in such title, claim, or right, shall be a competent witness in this court in supporting any such title, claim, or right.
The act of June 25,1888, in this respect, is incompatible, both with the proviso contained in the 3d section of the act of July 2, 1864, and the construction put upon it by Congress in the 2d section of the act of March 2, 1867, and therefore repeals so much of the proviso as relates to the right of parties or persons interested in the issue of causes tried in the courts of the United States to testify in their own favor.
In this view of the case, it is plain that the supposed right of the plaintiff to give his testimony, under the acts of Congress in his own behalf, is flatly denied him, and the case stands as at common law, (except only as it may be modified by the 8th section of the act of March 3,1863,) which precludes a party to the record in civil suits from being a witness either for himself or his co-suitor. .
But admitting this view of the case, it is insisted that the act of June 25,1868, is prospective in its terms, and cannot, unless a retro-active operation be given it, in any degree, affect the case in hand; and that such interpretation of the act renders it opposed to the Constitution of the United States, and therefore void.
This argument, pressed as it has been upon the consideration of the court with much earnestness and ingenuity, cannot be maintained. The act of Congress under review contains none of the features of a retroactive law, or law impairing the obligation of a contract, which is condemned by the Constitution.
It may, perhaps, in a limited sense be retroactive, so far as it deprives the plaintiff' of the use of his own testimony given in support of his claim, under the proviso of the third section of the act of July 2,1864. But if such is its effect, be it so; a retrospective law, which does not impair the obligation of a contract, or partake of the character of an ex post facto law, is not condemned or forbidden by any part of the Constitution of the United States. This doctrine was recognized by the Supreme Court of the United States as early as the case of Sutterlee v. Mathewson (2 Peters, 380, 411,) and to my knowledge has never been since departed from. The act itself, is not in the nature of a contract, and no absolute rights vested under it. *45 It grants nothing to the claimant out of which an obligation could spring, which the act of the 25th June, 1868, might impair. The supposed right of the plaintiff to give his testimony in his own behalf, sprang from the law as it then existed — [the act of July 2,1864, § 3,] and that section, or the proviso contained in it, being itself a rule of evidence, and vesting the claimant with no absolute right, may be repealed, and the rule abolished, changed, or modified, as the national legislature in its discretion, may think best, without any violation of the federal Constitution. Jackson v. Lamphere, (3 Peters, 280;) Curtis’s Com., §§ 252,253, and authors there cited.
This brings me to the consideration of the second general question involved in this case, which contains more difficulty than the first; but which, I think, is capable of a clear and satisfactory solution.
It is obvious Congress intended, by the act of June 25, 1868, § 4, not only to cut off the supposed right of the plaintiff, or claimant, in all future cases, from testifying in his own favor, but to deprive such plaintiff or claimant of any benefit he might derive from his own testimony which had been delivered and filed as evidence in his cause then pending and undertermined in this court. The words of the statute, “and no testimony given by such plaintiff, claimant, or person, shall be used,” immediately following the prohibitory clause of the act, and closing the sentence, can have no other reasonable construction, and, in fact, no meaning without such interpretation.
It therefore follows as a corollary that the plaintiff or claimant is not only prohibited from testifying in all future cases, at his option, in his own behalf, but from using such testimony heretofore delivered and filed with the record. We can derive no benefit whatever from the deposition in question, because of its intrinsical illegality. The deposition after its suppression by the court is not a lawful paper in the cause, and constitutes no part of the record, unless it be made so by order of the court or bill of exception. Now, can the Attorney General put such paper, in whole or in part, at his own discretion, in evidence, and thereby make that which is illegal and incompetent lawful and competent testimony ? I think not. It is a universal rule that garbled extracts cannot be taken from any paper and used against the party uttering it. Such party is always entitled to the whole he has said upon the same subject, and at the same *46 time. To grant tbe rule asked for, and allow tbe government to split tbe plaintiff’s deposition, and at tbe discretion of tbe Attorney General to put in evidence against tbe claimant sucb extracts from tbe deposition as be may select, and withhold others, would not only violate this general rule of law, but place it beyond tbe power of the court to judge whether or not tbe parts put in evidence were explained by tbe parts withheld. Great wrong-might result from sucb a practice, and I apprehend it is not tolerated by any court, and certainly not recognized by any rule of evidence of which I have knowledge.
But it is earnestly contended that notwithstanding the United States may not introduce garbled extracts from the deposition, they may nevertheless, at the ox>tion of their Attorney General, put the entire paj^er in evidence against the jilaintiff. I cannot assent to this prox>osition. Its x>ractical result is to carry the whole dex>osition as evidence in the case to the court', and thus to make legal a deposition which by the act of Congress is x>osi-tively declared to be illegal and inadmissible. It is unlike the case of a deposition which is legal in itself, taken by one party, who by reason of its contents refuses to read it, and the opposite party chooses to read it as his testimony. In such a case there is no question arising on the legality of the deposition. It is a legal paper in the cause, but containing such matter as the party who took it may think not calculated to advance his cause, and therefore he withholds it. But in the case now under consideration, the dex>osition is illegal, and for intrinsic cause of illegality it has been supx>ressed and put out of the case, and cannot, at the election of the Attorney General, be directly or indirectly rendered legal and admissible.
In cases in which a deposition is rejected for informality, the. rule is, “ yet as mere declarations of the witness, under his hand, they are admissible against him, wherever he is a party,' like any other admissions; or to contradict and impeach him Avhen he is afterwards examined at a witness.” (1 Greenleaf on Ev., §552.)
“But,” continues the learned author, in the same section, “as secondary evidence, or as a substitute for his testimony viva voce, it is essential that they be regularly taken, under legal proceedings duly pending, or in a case and manner x>rovided by law.” (Ib.)
While the common law rule here stated does not fall exactly *47 within the facts of the case under discussion, I have no doubt that the Attorney General upon application to the court, and on sufficient cause shown, may, under the eighth section of the act of March 3,1863, avail himself of all the admissions made by the plaintiff or claimant in his former deposition, tending to defeat his alleged cause of action. And if, as suggested in argument, this mode of proceeding is impracticable from any cause, such as the death or removal of the plaintiff beyond the jurisdiction of the court, it can scarcely be doubted that the defendants may jw’ove the claimant’s admissions by other testimony as in other cases of admissions.
The deposition must be suppressed; and the application of the Attorney General to read it either in whole or in part as evidence in this case, denied.